1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONALD L. SMITH,                          No.  2:15-cv-0809 GEB DAD PS

12                  Plaintiff,

13         v.                                   FINDINGS AND RECOMMENDATIONS

14    BAY CITIES PAVING & GRADING,

15                  Defendant.

16

17          Plaintiff, Donald Smith, a county jail inmate, is proceeding in this action pro se.  This

18    matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. §

19    636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

20    1915.

21          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. §

22    1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

23    status does not complete the inquiry required by the statute.  "'A district court may deny leave to

24    proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

25    the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

26    Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

27    also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

28    examine any application for leave to proceed in forma pauperis to determine whether the

                                                   1

1    proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

2    bound to deny a motion seeking leave to proceed in forma pauperis.").

3           Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

4    poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

5    state a claim on which relief may be granted, or seeks monetary relief against an immune

6    defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

7    arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

8    Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

9    complaint as frivolous where it is based on an indisputably meritless legal theory or where the

10   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

12   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

13   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

14   true the material allegations in the complaint and construes the allegations in the light most

15   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

16   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

17   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

18   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

19   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

20   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21          The minimum requirements for a civil complaint in federal court are as follows:

22          A pleading which sets forth a claim for relief . . . shall contain (1) a
             short and plain statement of the grounds upon which the court's
23          jurisdiction depends . . . , (2) a short and plain statement of the
             claim showing that the pleader is entitled to relief, and (3) a demand
24          for judgment for the relief the pleader seeks.

25   FED. R. CIV. P. 8(a).

26          Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

27   case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

28   Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

                                                        2

1    jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

2    Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

3    (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

4    affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

5    Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

6            Lack of subject matter jurisdiction may be raised by the court at any time during the

7    proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

8    1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

9    subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

10   obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v.

11   Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

12   cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

13           The burden of establishing jurisdiction rests upon plaintiff as the party asserting

14   jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

15   (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

16   implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

17   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

18   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

19   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

20   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

21   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

22   . . . and may be dismissed sua sponte before service of process.").

23           District courts have "original jurisdiction of all civil actions arising under the Constitution,

24   laws, or treaties of the United States."[1]  28 U.S.C. § 1331.  "Most federal-question jurisdiction

25   _____

26   [1]  District courts also have "original jurisdiction of all civil actions where the matter in
controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

27   [] citizens of different States."  28 U.S.C. § 1332(a)(1).  Plaintiff's complaint does not allege that
the parties are citizens of different states and in his complaint plaintiff seeks only $350 in

28   damages.  (Compl (Dkt. No. 1) at 4.)

                                                    3

1   cases are those in which federal law creates a cause of action.  A case may also arise under

2   federal law where 'it appears that some substantial, disputed question of federal law is a

3   necessary element of one of the well-pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858

4   (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,

5   463 U.S. 1, 13 (1983)).  The "well-pleaded complaint rule" provides that federal jurisdiction

6   exists only when a federal question is presented on the face of the plaintiff's properly pleaded

7   complaint.  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).  "'Arising under'

8   federal jurisdiction only arises . . . when the federal law does more than just shape a court's

9   interpretation of state law; the federal law must be at issue."  Int'l Union of Operating Eng'rs v.

10  County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere presence of a federal issue

11  does not automatically confer federal-question jurisdiction, and passing references to federal

12  statutes do not create a substantial federal question.  Lippitt v. Raymond James Fin. Servs., Inc.,

13  340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir.

14  1996).

15      Here, it is apparent from the allegations found in plaintiff's complaint that the court lacks

16  subject matter jurisdiction over this action.  In this regard, plaintiff's complaint alleges that the

17  defendant, Bay Cities Paving & Grading, failed to clean "rock, dirt and debris" from a stretch of

18  highway after a construction project, resulting in damage to plaintiff's vehicle.  (Compl. (Dkt. No.

19  1) at 3.)  These allegations do not implicate the Constitution, laws, or treaties of the United States.

20  Rather, if anything, the allegations imply a simple tort claim, governed by state law.  See

21  Gonzalez v. PG&E, No. 1:14-cv-1736 LJO SMS, 2014 WL 6469117, at *3 (E.D. Cal. Nov. 17,

22  2014) ("this Court has no jurisdiction over a state tort claim.  Although 28 U.S.C. § 1367(a)

23  provides for supplemental jurisdiction in any civil action in which the district court has original

24  jurisdiction, the district court must first have such original jurisdiction").

25      Accordingly, plaintiff's complaint should be dismissed for lack of subject matter

26  jurisdiction.

27  /////

28  /////

4

1     LEAVE TO AMEND

2         The undersigned has carefully considered whether plaintiff may amend his pleading to

3    state a claim over which the court would have subject matter jurisdiction.  "Valid reasons for

4    denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

5    Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

6    Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

7    (holding that while leave to amend shall be freely given, the court does not have to allow futile

8    amendments).  In light of the obvious lack of subject matter jurisdiction, the undersigned finds

9    that it would be futile to grant plaintiff leave to amend in this case.

10        Accordingly, IT IS HEREBY RECOMMENDED that:

11            1.  Plaintiff's April 15, 2015, application to proceed in forma pauperis (Dkt. No. 2)

12    be denied;

13            2.  Plaintiff's April 15, 2015 complaint (Dkt. No. 1) be dismissed without

14    prejudice for a lack of subject matter jurisdiction; and

15            3.  This action be closed.

16        These findings and recommendations will be submitted to the United States District Judge

17    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

18    days after being served with these findings and recommendations, plaintiff may file written

19    objections with the court.  A document containing objections should be titled "Objections to

20    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

21    objections within the specified time may, under certain circumstances, waive the right to appeal

22    the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    Dated:  September 25, 2015

24

25                                     DALE A. DROZD
                                       UNITED STATES MAGISTRATE JUDGE
26
     DAD:6
27   Ddad1\orders.pro se\smith0809.ifp.den.f&rs.docx

28